The document below is hereby signed.

Signed: July 31, 2015



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
HARRISON S. FLAKKER,               )    Case No. 14-00340
                                   )    (Chapter 7)
          Debtor.                  )
_____)
                                   )
JAMES FLAKKER,                     )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    Adversary Proceeding No.
                                   )    14-10037
HARRISON S. FLAKKER,               )
                                   )    **Not for Publication in**
          Defendant.               )    **West's Bankruptcy Reporter**

MEMORANDUM DECISION RE MOTIONS FOR SUMMARY JUDGMENT

The plaintiff, James Flakker, has filed a complaint seeking a determination that, pursuant to 11 U.S.C. §§ 523(a)(2) and (6), the debt owed to him by the debtor, Harrison Flakker, is nondischargeable.  The parties, James and Harrison Flakker, are brothers, and the debt in question arose from a contract dispute between them.  The debt was reduced to judgment, prepetition, in a Superior Court action brought by the plaintiff against the debtor, and each party contends that the record in the Superior

Court supports an award of summary judgment in his favor. For reasons explained in more detail below, I conclude that the plaintiff's nondischargeability claims are not barred under the doctrines of *res judicata* or collateral estoppel. I also find, however, that the plaintiff cannot rely on the Superior Court's imposition of sanctions against the debtor or the jury's finding of lulling to establish the type of misconduct necessary to support a claim of nondischargeability under §§ 523(a)(2) or (a)(6).[1] There remain disputed issues of material fact as to the plaintiff's nondischargeability claims and, accordingly, I will deny both motions for summary judgment.

I

The following facts are undisputed.

James Flakker and Harrison Flakker are brothers who, on May 24, 2007, entered into a stock purchase and loan agreement. Under the agreement, James transferred to Harrison his 18% share in Legal Science, LLC and lent Harrison $20,000.00, and in exchange, Harrison agreed to pay James $85,000. James received a total of eight payments under the agreement totaling $7,686.50. Those payments were made to James by Legal Science, LLC, not by Harrison. On October 2, 2012, a Complaint was filed by James in

---

[1] For reasons explained later in this decision, I do not reach the question of whether the $1,500 in sanctions imposed against the debtor are nondischargeable under 11 U.S.C. § 523(a)(6) based on the Superior Court's finding that the debtor engaged in discovery misconduct.

2

the Superior Court for the District of Columbia alleging the following causes of action: (1) breach of contract; (2) unjust enrichment; (3) breach of fiduciary duty; (4) fraud by false pretenses; and (5) fraud by misrepresentation.[2]

On January 23, 2014, a jury trial was held.  At the conclusion of the plaintiff's case, but before the case was submitted to the jury, a motion for judgment of acquittal was made on behalf of the defendant as to all allegations of fraud, and that motion was granted.[3]  Plaintiff's counsel acknowledged and advised the Superior Court Judge during the course of the trial that the fraud counts were stricken.[4]

Of the five counts in the complaint, the jury received instructions on and considered evidence relevant to breach of contract, unjust enrichment, and lulling.[5]  Lulling is a form of

---

[2] In stipulating to this fact, the plaintiff provides the caveat that "the claims of fraud were not part of the final jury trial," and relies on the Joint Pretrial Statement (Exhibit 2) in support of that contention.

[3] In stipulating to this fact, the plaintiff "argues that Defendant's motion was unnecessary because neither the fraud by false pretenses nor fraud by misrepresentation actions were actually litigated at trial."

[4] The plaintiff stipulates to this fact, but for purposes of clarification, contends that "neither the fraud by false pretenses nor fraud by misrepresentation actions were actually litigated at trial. . . ."

[5] The plaintiff contends that lulling is a form of fraud, whereas the defendant characterizes it as a form of equitable tolling of the statute of limitations.

equitable tolling of the statute of limitations, which "requires the plaintiff to prove A, that the defendant or defendants said or did something that cause[d] the plaintiff to be lulled into inaction that led to the matter not being filed prior to the expiration of the statute of limitations, and B, that the plaintiff diligently pursued his rights." Although punitive and treble damages were requested in the Complaint, no punitive or treble damages were awarded.

On June 6, 2014, the debtor-defendant filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (11 U.S.C.), and on September 5, 2014, the plaintiff filed a complaint initiating this adversary proceeding. The parties disagree with respect to whether, as a matter of law, the foregoing facts establish that the fraud claims were disposed of in the Superior Court in such a way as to foreclose the assertion, in this proceeding, that the debt arose from the debtor's fraudulent conduct.

II

THE PLAINTIFF'S NONDISCHARGEABILITY CLAIMS ARE NOT BARRED
UNDER THE DOCTRINES OF *RES JUDICATA* (CLAIM PRECLUSION) OR
COLLATERAL ESTOPPEL (ISSUE PRECLUSION)

The debtor's motion for summary judgment relies almost exclusively on theories of issue and claim preclusion to defeat the plaintiff's claims, arguing that the striking of the plaintiff's fraud claims in the D.C. Superior Court was a final

4

adjudication on the merits on the issue of fraud.  As such, the debtor contends that the plaintiff is barred in this proceeding from relying on any of the theories of fraud that were advanced in the Superior Court to establish nondischargeability.  Notably, the plaintiff's complaint does not seek a monetary judgment based upon a state law fraud claim, but instead seeks a determination of whether a debt that has already been reduced to judgment is nondischargeable.

This case is on all fours with *In re Adamson,* 2010 WL 2635631 (Bankr. D.D.C. June 28, 2010), a case in which I addressed the applicability of *res judicata* and collateral estoppel on very similar facts.  In *Adamson*, the plaintiff asserted nondischargeability claims as to a monetary judgment that was obtained in the D.C. Superior Court.  As in this case, although the Superior Court judgment in *Adamson* was obtained on the plaintiff's breach of contract claim, the complaint included a claim for fraud and that claim was stricken on a directed verdict.  In declining to award punitive damages, the Superior Court in *Adamson* specifically found that the conduct of the

debtor did not amount to fraud.[6]

In *Adamson*, I rejected the same preclusion arguments that are raised here by the debtor.  First, as to the claims being barred under the doctrine of *res judicata*, I reject that argument because the claims asserted in this proceeding are nondischargeability claims over which the bankruptcy court has exclusive jurisdiction, not state law claims that were previously asserted in state court.  *See In re Adamson*, 2010 WL 2635631, at *2 (Bankr. D.D.C. June 28, 2010).  As to the contention that the plaintiff is collaterally estopped from relying on the allegations of fraud in this proceeding because the striking of those claims in the Superior Court is an adjudication on the merits of the fraud-related issues, I reject that argument in light of the different evidentiary standards applicable to the state law claims as compared with the nondischargeability claims.  As explained in *Adamson*, because the "clear and convincing evidence" standard to establish a claim for fraud under D.C. law is more demanding than the "preponderance of the evidence" standard applicable to §§ 523(a)(2) and (6) nondischargeability

---

[6] In his decision, the Superior Court judge observed that "[p]unitive damages are warranted only when the defendant commits a tortious act accompanied with fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of the plaintiff's right, or other circumstances tending to aggravate the injury . . . .  The defendant's conduct herein did not rise to a level that would warrant the imposition of punitive damages."

6

claims, the striking of the fraud claims in the D.C. Superior Court ought not be given preclusive effect in the plaintiff's prosecution of his nondischargeability claims.

For all of these reasons, I find that the plaintiff is not barred under the doctrines of *res judicata* or collateral estoppel from relying on allegations of fraud to maintain his nondischargeability claims in this proceeding.

### III

THERE REMAIN DISPUTED ISSUES OF MATERIAL FACT RELATING TO THE PLAINTIFF'S CLAIMS UNDER 11 U.S.C. § 523(a)(2)

Section 523(a)(2) of 11 U.S.C. provides that the debtor's discharge does not apply to a debt

> (2) for money, property, services, or an extension, renewal, or refinancing of credit to the extent obtained by -
>
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> >
> > (B) use of a statement in writing-
> >
> > > (i) that is materially false;
> > >
> > > (ii) respecting the debtor's or an insider's financial condition;
> > >
> > > (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> > >
> > > (iv) that the debtor caused to be made or published with intent to deceive.

"When a debtor misrepresents his intent to repay a debt that

conduct falls within § 523(a)(2)(A)." *See In re Yelverton*, 2009 WL 3823187 (Bankr. D.D.C. Nov. 16, 2009). Both the § 523(a)(2)(A) and the § 523(a)(2)(B) claims depend largely on the question of the debtor's intent at the time the stock purchase and loan agreement was negotiated and entered into. Because the question of intent is inherently fact-based, it is an issue more appropriately resolved by the finder of fact. In any event, neither party has adduced sufficient facts to demonstrate that he is entitled to judgment as a matter of law regarding the plaintiff's § 523(a)(2) claims, and I will deny summary judgment as to both parties accordingly.

IV

>  THE PLAINTIFF HAS ADEQUATELY STATED A CLAIM THAT THE DEBT IS NONDISCHARGEABLE UNDER 11 U.S.C. § 523(a)(6), BUT THERE REMAIN DISPUTED ISSUES OF MATERIAL FACT RENDERING SUMMARY JUDGMENT IMPROPER

Section 523(a)(6) of 11 U.S.C. provides that a debtor's discharge does not discharge a debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity . . . ." The plaintiff has moved for summary judgment as to his § 523(a)(6) nondischargeability claim. "A malicious injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1209 (9th Cir. 2001) (internal quotations omitted). To prevail on a § 523(a)(6) claim, a

plaintiff "must show either that the defendant intended to cause the injury itself or that the defendant acted intentionally and the act in question was certain or substantially certain to result in the injury." *In re Eliopoulos*, 2013 WL 3941380, at *3 (Bankr. S.D. Fla. July 29, 2013).

The claim that was reduced to judgment in the Superior Court was a claim for breach of contract, and it is well-established that "[a] breach of contract is not 'willful and malicious conduct' under § 523(a)(6) unless accompanied by conduct that would give rise to a tort action under state law." *Lockerby v. Sierra*, 535 F.3d 1038, 1044 (9th Cir. 2008). Although the jury found that lulling applied, that finding relates to post-breach misconduct relevant to the debtor's statute of limitations defense and is not a tort that accompanied the underlying breach of contract such as to bring the debt within the reach of § 523(a)(6). Likewise, sanctions imposed by the Superior Court for misconduct during the course of the trial do not alter the character of the underlying debt so as to bring it within the nondischargeability provision of § 523(a)(6).

The plaintiff's breach of contract claim is insufficient, on its own, to state a nondischargeability claim under § 523(a)(6), but coupled with the plaintiff's allegations of fraud, the allegations of breach of contract adequately allege a nondischargeability claim under § 523(a)(6). *See Dietz v. Ford*

9

*(In re Dietz)*, 469 B.R. 11 (B.A.P. 9th Cir. 2012) (fraudulent inducement to enter into contract supports a finding of willful and malicious injury for purposes of § 523(a)(6)).  Specifically, the plaintiff has alleged that the contract itself was procured through fraud, with the debtor having never intended to repay the plaintiff.  As explained above, the fact that the plaintiff's fraud claims were stricken in the Superior Court does not bar the plaintiff from relying on allegations of fraud here to state a claim of nondischaregeability under § 523(a)(6).  As already discussed, the issue of the debtor's intent is a disputed issue of material fact whose resolution is more appropriately left to the finder of fact at trial.  Accordingly, I will deny summary judgment as to both parties on the plaintiff's § 523(a)(6) claim.

V

IT IS PREMATURE TO ADDRESS WHETHER THE DISCOVERY SANCTIONS ARE NONDISCHARGEABLE UNDER 11 U.S.C. §523(a)(6)

The plaintiff's nondischargeability complaint fails to make any reference to the $1,500 in discovery sanctions imposed against the debtor by the Superior Court.  Likewise, in the complaint, the plaintiff's asserted basis for relief under 11 U.S.C. § 523(a)(6) makes no mention of the debtor's discovery violations or Judge Iscoe's ruling with respect to those violations.  The plaintiff's motion for summary judgment, however, attaches a copy of the judgment, which reflects a judgment on the underlying claim in the amount of $85,000 plus

10

interest, and a judgment in the amount of $1,500 as sanctions imposed jointly and severally against the debtor and Legal Sciences, LLC.  Also attached to the plaintiff's motion for summary judgment is Judge Iscoe's order in which he explains the basis for imposing the sanctions.  The order states that "[t]he Court takes seriously Defendant's behavior in withholding information from the Court at his convenience and to his benefit, and intentionally mischaracterizing documents that were produced."  The plaintiff's motion for summary judgment contends that because the sanctions were imposed for intentional misconduct that harmed the plaintiff by forcing the plaintiff to incur costs and attorney's fees, those sanctions are a nondischargeable debt under 11 U.S.C. § 523(a)(6).  The plaintiff's argument has merit.  *See In re Nave*, 2010 WL 732250 (Bankr. D.D.C. Feb. 25, 2010) (discussing the circumstances under which debts stemming from sanctions awards are nondischargeable under § 523(a)(6)).  Nevertheless, the complaint did not allege facts sufficient to put the debtor on notice of this theory of nondischargeability, and the debtor ought to have an additional opportunity to respond to this argument.

To insure that the debtor has a fair opportunity to respond to this theory of nondischargeability, the court will defer ruling on the issue of whether the $1,500 in sanctions are nondischargeable under § 523(a)(6) until trial.  In the meantime,

the court will deem the complaint amended to include the plaintiff's allegations regarding the nondischargeability of the $1,500 in sanctions, and the court will permit the debtor to file an amended answer addressing those new allegations.

## VI

It is

    ORDERED that the plaintiff's motion for summary judgment is DENIED.  It is further

    ORDERED that the defendant's motion for summary judgment is DENIED.  It is further

    ORDERED that the complaint is deemed amended to include the following allegation(s) as a basis for nondischargeability under 11 U.S.C. § 523(a)(2)(A) or (a)(6):

> Harrison was sanctioned during the jury trial.  The judge found his conduct willful and deceitful. Harrison misrepresented evidence and withheld key data in an attempt to manipulate the Court and opposing counsel. The initial sanction was in excess of $2,000, however, the Court later reduced that amount to $1,500. *See* Order (Exh. 16 to plaintiff's motion for summary judgment) and Judgment (Exh. 15 to plaintiff's motion for summary judgment).

It is further

    ORDERED that within 21 days after entry of this order, the debtor may file an amended answer that responds to the foregoing allegation.  It is further

ORDERED that a scheduling conference will be held in this matter on **September 3, 2015, at 10:00 a.m.**

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.